UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TRACY CAMPONESCHI

    Plaintiff,

V.                                                                                          CIVIL ACTION NO

PORTFOLIO RECOVERY ASSOCIATES, LLC

Defendant.                                                                      JULY 2, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Baltimore, MD.

4. Plaintiff is a consumer within the FDCPA.

5. At all times material hereto, Defendant Portfolio Recovery Associates, LLC hereinafter (PRA) is a foreign corporation, doing business with a principal office located at 1013 CENTRE RD, WILMINGTON, DE 19805.

6. Defendant is a collector within the MCDCA and licensed as a collection agency with an address of their license listed at 120 Corporate Boulevard, Norfolk, VA 23502.

7. Defendant is a foreign limited liability company engaged in the business of collecting debts in the State of Maryland. The principal purpose of Defendant business is the collection of "charged off debts" and Defendant regularly attempts to collect debts alleged to be due another.

**Factual Allegations**

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt allegedly owed to PRA.

9. For an extended period of time, Defendant acted as a collection agency and is licensed with the Maryland Department of Financial Regulation as a Maryland collection agency.

10. In the course of collecting "charged off consumer debts" purchased for pennies on the dollar, Defendant regularly collected or attempted to collect monies from consumers for delinquent consumer credit accounts.

11. On or about December 23, 2011, Defendant reported or caused to be reported a delinquent trade line on Ms. Camponeschi's, credit report for the purpose of collecting monies, on a delinquent account purportedly owed by Plaintiff to PRA.

12. On April 25, 2012 PRA through counsel filed suit in the Maryland District Court to collect $4,082.82, claiming no interest on the principal amount allegedly owed to the original creditor HSBC (credit card company).

13. Plaintiff contacted PRA on or about May 22, 2012 in an attempt to dispute this alleged debt.

14. Plaintiff spoke to a collection agent who identified himself as "Brant"

15. Defendant through their collection agent Brant "attempted to collect this alleged debt."

16. Plaintiff asked Brent if he could itemize the alleged balance.

17. Defendant through their collection agent Brant advised my client, *"that the balance owed included legal fees."* The claim that any money was owed due to legal fees was false, deceptive and misleading and violated the Fair Debt Collection Practices Act (FDCPA) §1692e, as the law suit filed against Plaintiff in the Maryland District Court did not include a claim for attorney fees.

18. Brant also advised Plaintiff that *"When the account was charged off, it had a total of $ 1,582.00 over-limit fees."* That statement is false, deceptive and misleading, and in violation of the FDCPA §1692e.

19. Pursuant to the Maryland Commercial Law Credit Regulations, Defendant charged in excess of 38% in over limit fees violating various MD state usury statues and credit regulations.

20. Plaintiff asked Defendant, if your collection agency would report her dispute to the credit bureaus. Defendant through their collection agent "Brent" advised Plaintiff *"no because you are only disputing the balance and know that you owe the debt."* This statement violates the FDCPA §1692e, as it is false, deceptive and misleading and specifically violates §1692e(8)

21. Based on information and belief, Defendant and their counsel, calculated the principal balance of $2,500 and added the "over the limit amount" (fee) of $1,582.82 which equals $4,082.82 the amount claimed in Plaintiff's law filed against Ms. Camponeschi.

22. Pursuant to COMMERCIAL LAW, TITLE 12. CREDIT REGULATIONS SUBTITLE 5. RETAIL CREDIT ACCOUNTS, § 12-506 (6)
"A seller or financial institution may assess <u>either, but not both</u>:

    (i) A finance charge equal to the rate of interest charged on past due accounts as provided in the agreement; **or**

    (ii) A late payment charge.

23. Pursuant to exhibit 1 of the Maryland District Court law suit, the late payment charge was $682.00, the Defendant was intentionally and illegally charging the Plaintiff the, **over the limit amount** fee, not the **past due amount** fee.

## Allegations of Law

24. At all times material hereto, Ms. Evans was a "consumer" as said term is defined by §1692a (3).

25. At all times material hereto, the amount alleged by PRA represented by Defendant's was a "debt" as said term is defined under §1692a (5).

26. At all times material hereto, Defendant's were "debt collectors" as said term is defined under §1692a (6).

27. Defendant violated §1692e (2)(A) of the FDCPA.

28. Defendant violated §1692f.

29. As a result of Defendant's conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

30. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

31. Plaintiff is entitled to emotional distress damages.

**WHEREFORE** Plaintiff, an individual, request judgment be entered in her favor and against Defendant for:

1. Award Plaintiff Actual and Statutory damages pursuant to the FDCPA;

2. Award Plaintiff Actual Damages pursuant to MDCDCA;.

3. Award the Plaintiff costs of suit and a reasonable attorney's fee pursuant to §1692k; and

4. Award such other and further relief as this Court may see fit.

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

THE PLAINTIFF
BY /S/ Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # MD29935
email.kennedy@yahoo.com